In the Matter of the
**WELFARE OF D.K.**

No. C8–84–1423.

Court of Appeals of Minnesota.

March 12, 1985.

William Gatton, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Beverly J. Wolfe, Asst. County Atty., Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LANSING, Judge.

Appellant, a juvenile, appeals from the trial court's order adjudicating him delinquent on the charge of receiving stolen property. We affirm.

### FACTS

Appellant D.K. was charged with receiving stolen property consisting of two children's racing bicycles, each valued in excess of $600, in violation of Minn.Stat. § 609.53, subd. 1(2) (1982). A trial on the matter was held before a juvenile court referee, during which D.K. was represented by a public defender.

The referee found the petition had been proved beyond a reasonable doubt. D.K. then moved for a new trial before a judge of the juvenile court, contending that the fourteenth amendment of the United States Constitution and Minn.Stat. § 260.031, subd. 4 (1982), afforded him the right to a trial de novo before a juvenile court judge. Section 260.031, subd. 4, entitles a juvenile upon proper request to a hearing before a juvenile court judge after a matter has been heard by a referee.

A hearing was held on the motion, during which D.K. testified that neither the referee nor his court-appointed attorney had informed him that he had the right to have his trial before a judge of the juvenile court rather than a referee. He testified that he was not aware of this right.

The trial court denied D.K.'s request for a new trial and gave him ten days to file a motion for review of the referee's order on the verbatim record. D.K. then requested that the juvenile court judge review the referee's findings and recommendations. A hearing was held, and the trial court issued an order affirming the findings of the referee.

## ISSUES

1. Does Minn.Stat. § 260.031, subd. 4 (1982), or the due process clause of the fourteenth amendment of the United States Constitution mandate that a juvenile be allowed a trial de novo by a juvenile court judge after the case has been heard by a referee?

2. Did appellant waive his right to object to the assignment of a referee to hear his case?

3. Is the trial court's finding that appellant knew or had reason to know the property was stolen sufficient to support an adjudication of guilt as charged?

## ANALYSIS

### I

■ Minn.Stat. § 260.031, subd. 4 (1982), provides as follows:

The minor and his parents, guardians, or custodians are entitled to a hearing by the judge of the juvenile court if, within three days after receiving notice of the findings of the referee, they file a request with the court for a hearing. The court may allow such a hearing at any time.

At issue is the definition of the hearing as it is used in the statute. D.K. argues that "hearing" means a trial de novo. The State's position is that "hearing" has a broader definition that does not necessarily include a trial de novo and that a trial de novo is discretionary with the juvenile court judge. The State's position is consistent with the past practice of the juvenile courts and with Rule 2.04 of the Minnesota Rules of Procedure for the Juvenile Courts (review by a judge of a proceeding heard before a referee "may be on the verbatim recording * * * or may be de novo in whole or in part"). Because rules of court may not abridge or modify substantive rights provided by statute, *see* Minn.Stat. § 480.059, subd. 1 (1982), this court may not rely solely on Rule 2.04 to determine the scope of the hearing provided by Minn.Stat. § 260.031, subd. 4, but rather must determine the legislature's intent in drafting the statute.

The nature of the hearing intended under § 260.031 is not expressly defined by the statute or by case law. The Interim Commission's comment to the provision, however, supports an interpretation consistent with Rule 2.04 and with the juvenile court's past practice. *See* Minn.Stat.Ann. § 260.-031, Interim Commission Comment, 1959 (West 1982). The comment says that the language of subdivision 4 is taken from the Hennepin County Juvenile Court Act, 1957 Minn.Laws ch. 742, § 4, subd. 2, the review provisions of which did not mandate a de novo trial. The Act further provided that "the findings of the referee [are] prima facie evidence of the facts contained therein," *see id.* ch. 742, § 4, subd. 3, indicating that the hearing was primarily intended to be a review of the referee's findings, although the admission of further evidence was not foreclosed.

The Interim Commission's comment to Minn.Stat. § 260.031 says, in addition, that the hearing is "not in the nature of an appeal, as it is in the Standard Act," referring to the Standard Juvenile Court Act prepared by the National Council on Crime and Delinquency. The Standard Act provides, in section 7, for a "hearing de novo" of a referee's findings and recommendations by a juvenile court judge upon request. Section 28 refers to formal appellate court review of juvenile orders. The comment to the Minnesota statute thus indicates that the hearing contemplated under § 260.031 is neither a de novo trial nor a formal appeal.

This interpretation is consistent with the legislature's practice of expressly providing for a new trial when that is the legislative intent. *See, e.g.,* Minn.Stat. § 260.291, subd. 2(b) (1982) ("The appeal from a probate-juvenile court is taken to the district court which shall try the case de novo") (amended to reflect the creation of the Court of Appeals, 1983 Minn.Laws ch. 247, § 111); *id.* § 487.30, subd. 1 ("rules * * * shall provide for a right of appeal from the decision of the conciliation court to the

county court for a trial on the merits"); *see also* Stuart, *Judicial Powers of Non-Judges: The Legitimacy of Referee Functions in Minnesota Courts,* 6 Wm. Mitchell L.Rev. 65, 86 (1980) (the right to a "trial de novo" provided adult defendants convicted by non-lawyer judges is different from the corresponding "rehearing before a judge" given juvenile defendants under Minn.Stat. § 260.031, subd. 4).

D.K. argues that an adjudication of guilt by a judge who did not preside at the trial violates his due process rights under the United States Constitution. A juvenile court proceeding has not been held to be a criminal prosecution within the meaning of the sixth amendment, *see McKeiver v. Pennsylvania,* 403 U.S. 528, 541, 91 S.Ct. 1976, 1984, 29 L.Ed.2d 647 (1971), and the applicable due process standard is "fundamental fairness," *see id.* at 543, 91 S.Ct. at 1985. The referee that heard D.K.'s juvenile proceeding was an attorney licensed under Minnesota law, and the proceeding was conducted in the same manner as it would have been before a judge. In addition, a juvenile has the right under Minn. Stat. § 484.70, subd. 6 (1982), to object to the assignment of a referee to hear "a contested trial, hearing, motion or petition." Because this framework adequately protects juveniles' due process rights, we need not expand the scope of the hearing provided under § 260.031 beyond that intended by the legislature.

## II

D.K. testified at trial that he was not informed of his right under Minn.Stat. § 484.70, subd. 6, to object to the assignment of a referee to hear his case. He argues that this omission entitles him to a new trial because he could not have knowingly and intelligently waived a right of which he was not aware. Clearly it would have been preferable if the referee had advised D.K. of this important right, whether or not he was represented by counsel. However, despite its importance, the right is a statutory right, not comparable to the fundamental constitutional rights

for which courts have traditionally required a knowing and intelligent waiver on the record. *See, e.g., Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) (right to counsel); *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962) (right to counsel); *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170–1171, 22 L.Ed.2d 418 (1969), and *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969) (privilege against compulsory self-incrimination, right to trial by jury, right to confront accusers).

 Minn.Stat. § 484.70, subd. 6, does not require a knowing and intelligent waiver on the record, and the accompanying procedural rule indicates that the right to object to a hearing before a referee is waived if not affirmatively asserted in writing. *See.* Minn.R.P. for the Juvenile Cts. 2.02. Because D.K. was represented by counsel and failed to assert this right, he must be deemed to have waived it.

## III

 The mental state required to sustain a conviction for receiving stolen property under Minn.Stat. § 609.53 (1982) is met if the person knew *or* had reason to know that the property was stolen. The petition charged D.K. with possessing stolen property "knowing said property to have been stolen, in violation of Minn.Stat. § 609.53, subd. 1(1)." The memorandum attached to the trial court's order affirming the referee's findings said D.K. possessed property, "knowing or having reason to know that the property was stolen." Based on this difference in language, D.K. argues that he was not convicted of the crime with which he was charged, that he was improperly convicted on a finding that he committed the offense in a manner not alleged in the pleading, and that he was not adequately informed of the nature and cause of the accusation against him.

The trial court's memorandum merely restated the court's conclusion, framed in the statutory language, that D.K. was guilty of the offense charged. The trial court spe-

cifically affirmed the referee's conclusion that the petition had been proved beyond a reasonable doubt.

## DECISION

A juvenile is not entitled under Minn.Stat. § 260.031, subd. 4, or under the due process clause of the United States Constitution, to a trial de novo after a proceeding before a referee. Although the referee should have informed the juvenile of the right to object to assignment of a referee, failure to do so does not entitle the juvenile to a new trial.

Affirmed.