## State of Vermont v. Michael Richard Godfrey

[400 A.2d 1026]

No. 69-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

160

[redacted]

*M. Jerome Diamond*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff.

*Wolchik and Williams*, Morrisville, for Defendant.

**Larrow, J.** The defendant Godfrey appeals his conviction, by jury, for violation of 23 V.S.A. § 1201(a)(2). As amended without objection at trial, the information charged him with being in actual physical control of a motor vehicle upon a public highway while under the influence of intoxicating liquor. He made no requests to charge, and took no exceptions to the charge as given. He briefs here only the denial of his motion for judgment of acquittal, upon the ground that the evidence does not support a finding that he was in actual physical control of the vehicle in question. We disagree, and affirm.

The facts shown by the evidence are not greatly in dispute. He did not question being under the influence, but stipulated to that and his presence on the highway. Only the issue of actual physical control was submitted to the jury. When found by an officer, his car was in the highway, blocking one lane at 3:30 a.m. with the motor running, taillights on, key in the ignition, shift lever in "park," and defendant slumped behind the steering wheel, either sleeping or unconscious. He was roused with some effort, and rolled down his window. There was no evidence he was touching any mechanism by which the vehicle could be controlled, a factor which the defendant briefs as decisive.

We are unable to appreciate the thrust of defendant's argument. Being behind the driver's seat with the motor running is, in our view, being in actual physical control. We cannot conceive any other legislative intent. We held it to be actual

operation, under the former statute. *State* v. *Hedding*, 122 Vt. 379, 172 A.2d 599 (1961). The element of actual physical control is present, whether or not the defendant is in a position to effectively exercise it. Carried to its logical conclusion, the defendant's argument would free him from liability if, seated at the controls of a car careening down the highway, he did not touch any of the controls. The argument smacks somewhat of the use of diminished capacity (*i.e.* intoxication) to eliminate an element of specific intent. The fallacy, however, is that here the diminished capacity *is* the essential element of the crime.

Equally without force is his argument that there is no evidence as to how he came to be behind the wheel. Nothing in the statute requires that he place himself in that position; it is sufficient that he *was* there. The offense charged was adequately proven.

We are aware that statutes vary from state to state in their precise wording. But we regard as significant the holding in *Hughes* v. *State,* 535 P.2d 1023, 1024 (Okla. Crim. App. 1975) that

> an intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than where an intoxicated person is actually driving a vehicle, but it does exist. The defendant when arrested may have been exercising no conscious [volition] with regard to the vehicle, still there is a legitimate inference to be drawn that he placed himself behind the wheel of the vehicle and could have at any time started the automobile and driven away. He therefore had "actual physical control" of the vehicle within the meaning of the statute. We, therefore, find there was sufficient competent evidence to support the verdict.

And, in the language of another court, where the accused was found nearly "passed out" over the wheel of his vehicle, stopped at an intersection with the motor running:

> the appellee may well have had very little control of himself but the motor vehicle was unquestionably subject to his control or lack of it as the case may have been.

162

*Newman* v. *Stinson,* 489 S.W.2d 826, 828 (Ky. 1972).

See also, as in general accord: *State* v. *Webb,* 78 Ariz. 8, 274 P.2d 338 (1954); *State* v. *Ruona,* 133 Mont. 243, 321 P.2d 615 (1958); *Commonwealth* v. *Kloch,* 230 Pa. Super. Ct. 563, 327 A.2d 375 (1974).

We cannot subscribe to the underlying proposition that a defendant may escape the charge of being in control of a vehicle by a showing that he was more than ordinarily drunk, to a point of "passing out." The path of statutory construction does not lead in that direction.

*Affirmed.*