## State of Vermont v. Lee Curtis

[494 A.2d 143]

No. 83-592

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 26, 1985

*Philip H. White,* Orleans County State's Attorney, Newport, for Plaintiff-Appellee.

*Duncan F. Kilmartin* and *Peter E. Yeager* of *Rexford & Kilmartin,* Newport, for Defendant-Appellant.

**Allen, C.J.** The defendant was tried and convicted of driving while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). He seeks reversal of his conviction because of claimed prejudicial statements by the state's attorney during the closing argument. We affirm.

The defendant made no objection during argument to the statements now complained of. He did make a series of objections to the statements at the bench following argument and asked the court "to give what curative instructions it could." The court then instructed the jurors that they were the sole

determiners of the credibility of witnesses, and that they should base their decision only on the facts in the case as they saw them and "not what either counsel may have stated his recollection of it to have been . . . ."

Upon completion of the charge, the court asked whether the defense had any objections to the charge, and the defendant's attorney replied that he did not. The court could have properly assumed that the defendant was satisfied that a cure had been administered.

■ It is incumbent upon one claiming impropriety during argument to immediately interpose an objection. Generally, the argument must be interrupted at the moment the claimed prejudicial argument is made. *State* v. *McSheffrey,* 131 Vt. 329, 335, 306 A.2d 702, 706 (1973).

■ The purpose of the requirement is to call the problem to the attention of the court and to provide the court with ample opportunity to deal with it. *State* v. *Diamondstone,* 132 Vt. 303, 308, 318 A.2d 654, 658 (1974). The portions of the argument complained of were easily susceptible of curative action by the trial court at the time of their occurrence, and the trial court ought to have been afforded the opportunity to strike "promptly and forcefully" at the essence of the claimed error. *State* v. *Foy,* 144 Vt. 109, 116, 475 A.2d 219, 224 (1984); *State* v. *Normandy,* 143 Vt. 383, 386, 465 A.2d 1358, 1359–60 (1983).

■ While the defendant also indicated that "if the verdict is not favorable we ask for a mistrial," the record does not reflect that the defendant did anything further to pursue this. A defendant may not gamble on a favorable verdict before urging prejudicial conduct as grounds for a mistrial. In *Ordinetz* v. *Springfield Family Center, Inc.,* 142 Vt. 466, 468, 457 A.2d 282, 283 (1983), this Court characterized counsel's indication that he was "planning on asking" for a mistrial as something short of a motion for a mistrial. Defendant's statement here misses the mark by a wider margin.

■ The failure of counsel to properly interpose a timely objection precludes further inquiry, unless the statements constitute plain error under V.R.Cr.P. 52(b). *State* v. *Riva,* 145 Vt. 15, 19, 481 A.2d 1060, 1063 (1984).

Upon review of the transcript, it appears that the remarks of the prosecutor during argument were well within permissible bounds. *Id.* Therefore, no plain error appears.

*Affirmed.*