## State of Vermont v. David A. Blaine

[531 A.2d 933]

No. 85-324

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes,\* JJ.**

Opinion Filed July 17, 1987

---

\* Justice Hayes was present for oral argument but did not participate in the decision.

*William S. Bos*, Windsor County State's Attorney, *Emily S. Davis*, Deputy State's Attorney, and *Patricia Zimmerman*, Legal Intern, White River Junction, for Plaintiff-Appellee.

*Joanne Baltz* of *Fink & Birmingham, P.C.*, Ludlow, for Defendant-Appellant.

**Peck, J.** Defendant appeals his conviction, after jury trial, of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). We affirm.

Defendant raises two issues on appeal. First, he argues that he did not have actual physical control of his vehicle, within the meaning of the statute, because the vehicle was inoperable. Defendant next maintains that the trial court erred in excluding expert testimony on the issue of the mechanical condition of his vehicle.

On the evening of February 14, 1985, defendant drove his pickup truck to the American Legion Hall in Charlestown, New Hampshire. At some time around midnight, after consuming several beers, he left the Legion and drove to a parking lot in Springfield, Vermont. He testified that he did not drive home at that point because he could not operate the truck's transmission and because he felt like he was under the influence. Instead, he lay

down inside the truck cab and went to sleep at approximately 12:30 a.m.

There was conflicting testimony as to what occurred next. The arresting officer testified that at approximately 4:15 a.m. on February 15, 1985, he observed a pick-up truck in a parking lot with its engine running, its lights on, and a pair of unshod feet sticking out of the open driver's door. The officer approached the pick-up truck and roused the unconscious occupant, who identified himself as defendant. The officer noted that the defendant showed signs of intoxication. Consequently, he turned off the ignition and drove the defendant to the Springfield Police Station where he was processed under the alcohol related traffic laws. In contrast, defendant testified that, at the time the arresting officer awoke him, the truck was not running, the lights were off and the door was closed.

After being processed at the Springfield Police Station, the defendant's girlfriend picked him up and drove back to the parking lot while the officer followed. According to defendant's own testimony on cross-examination, his friend engaged the truck's transmission, although with some difficulty, and drove him home. The strength of this inculpatory testimony is highlighted by the fact that, during the State's case-in-chief, the same evidence was elicited from the defendant's girlfriend.

Defendant argues first that an individual cannot be in "actual physical control" of an inoperable vehicle within the meaning of 23 V.S.A. § 1201(a)(2). We do not reach this issue because it is clear from the evidence adduced at trial that defendant's vehicle was in fact operable. Indeed, defendant himself testified that he drove the truck to the parking lot where he was arrested. He testified further that his friend drove the vehicle home later that morning.

■ The fact that a vehicle's occupant may have been sleeping or otherwise unconscious does not prevent a finding of actual physical control. *State* v. *Trucott*, 145 Vt. 274, 279, 487 A.2d 149, 153 (1984). In *Trucott*, this Court reasoned that such an individual may regain consciousness and drive away while still under the influence. *Id.*; *State* v. *Godfrey*, 137 Vt. 159, 161, 400 A.2d 1026, 1027 (1979). In light of the defendant's own testimony that the car was driven to and from the parking lot where he was arrested, we find that *State* v. *Trucott* is controlling.

Defendant contends next that the trial court erred in prohibiting expert testimony on the mechanical condition of his motor vehicle. We disagree.

■ ■ The admission of evidence is highly discretionary. *State v. Picknell*, 142 Vt. 215, 230, 454 A.2d 711, 718 (1982). This Court will not overturn a discretionary ruling unless it clearly and affirmatively appears that such discretion has been abused or withheld. *Id.* The burden of showing any prejudicial error rests clearly on the defendant. *Id.* In the light of his own testimony and its corroboration by the person who drove the vehicle away from the parking lot, we hold there was no abuse of discretion in the exclusion of the expert testimony.

*Affirmed.*

---

[1] Justice Hayes was present for oral argument but did not participate in this decision.