## State of Vermont v. Wayne E. Griffin

[563 A.2d 642]

No. 87-322

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed June 23, 1989

*Mark T. Cameron* and *M. Patricia Zimmerman,* Windsor County Deputy State's Attorneys, White River Junction, for Plaintiff-Appellee.

*Joyce W. Chang* of *Davis & Rounds, P.C.,* Windsor, for Defendant-Appellant.

**Allen, C.J.** The defendant appeals from his conviction of being in actual physical control of a motor vehicle on a public highway while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). We affirm.

On the evening of January 13, 1987, an officer of the Springfield Police Department observed an approaching vehicle traveling at a high rate of speed. Radar indicated the speed to be 66 miles-per-hour in a 40 mile-per-hour zone. The vehicle crossed the center line of the highway as it passed the officer. After stopping the vehicle at a nearby redemption center, the officer noted a strong smell of alcohol on the breath of the sole occupant, who identified himself as Wayne Griffin, the defendant here. His speech was also slurred. Defendant was then processed for DUI and initially charged with operating a motor vehicle on a public highway under the influence of intoxicating liquor. The information was amended before trial to allege that the defendant was in actual physical control of a motor vehicle on a public highway while under the influence.

At trial, the defendant and his son testified that immediately before encountering the police they both occupied the vehicle which was coasting down Route 11 because its radiator was damaged and without water. They maintained that the son was in the driver's seat and pulled the vehicle into the redemption center when they observed the pursuing police car. At that point, the father insisted that the son leave the vehicle because the latter's license had been suspended. The defendant then slid into the driver's seat while the son left the vehicle and hid behind the redemption center until the police officers left the area. The jury found the defendant guilty of the amended charge.

## I.

Defendant's first claim of error arises from an event which occurred following the close of the evidence. The court was in recess, and the defendant and his son were leaving the courtroom. A uniformed officer approached the son through open double doors at the rear of the courtroom, informed him that he had two outstanding warrants for his arrest and asked him for identification. The son was then placed against a wall in the foyer outside the courtroom, frisked, handcuffed and led out of the courthouse. He was placed in a cruiser and driven to the Hartford police headquarters.

The defendant moved for a new trial contending that the arrest of his son in front of the jury violated his due process rights under the Fourteenth Amendment. On appeal, defendant contends that the trial court abused its discretion in denying the motion because: (1) the arrest was in violation of the common law and V.R.Cr.P. 4(c)(1); and (2) the record demonstrated a probability that the arrest of defendant's son, his sole corroborating witness, was observed by the jury, thus prejudicing his right to trial by an impartial jury.

█ The defendant argues, and we agree, that any procedure or occurrence which seriously threatens a defendant's right to a fair and reliable determination of guilt cannot be tolerated. This was not such a case, however. Here, the son had testified and the evidence was closed. There was no attempt to reopen the evidence or recall the son as a witness, and no claim is made in this Court that the defendant was deprived of any evidence favorable to his cause by reason of the son's forced departure from the courthouse. The defendant also fails to demonstrate how his right to a fair trial was infringed even if, as he alleges, the arrest did not comport with the Vermont Rules of Criminal Procedure or violated common law. He argues that his son should have been served with a summons rather than subjected to arrest, a point we do not pass upon, but does not suggest how the alleged improper action impacted upon his right to a fair trial.

█ The defendant's second argument suffers from a similar infirmity. He argues that the sight of shackles or any other form of physical restraint by members of the jury, absent a compelling need, is prejudicial. Before addressing this issue, we note that defendant's counsel was present when the events complained of took place and closed the doors to the courtroom when counsel realized that members of the jury might be observing the scene. Counsel did not, however, bring the incident to the attention of the trial judge at the charge conference immediately following the recess, or at any other time before the jury was discharged. Had the matter been promptly raised, remedial action might have been taken to determine whether the actions were observed and to minimize or eliminate any prejudice that might have resulted therefrom. Counsel may not gamble on a favorable verdict before

bringing claimed error to the attention of the court. *State v. Curtis*, 145 Vt. 552, 553, 494 A.2d 143, 144 (1985); *State v. Bartlett*, 137 Vt. 400, 405, 407 A.2d 163, 166 (1979).

Because we believe that the arrest, frisking and handcuffing of the principal defense witness in the courtroom in the presence of the jury during the course of a jury trial might infringe upon defendant's right to a fair trial, we examine the defendant's claim despite his failure to preserve it. *Kennedy v. Cardwell*, 487 F.2d 101, 105 n.5 (6th Cir. 1973); *Williams v. State*, 629 P.2d 54, 56 (Alaska 1981). The defendant is entitled to a trial before a fair and impartial jury free from any suspicious taint by extraneous influences. *State v. Woodard*, 134 Vt. 154, 158, 353 A.2d 321, 323-24 (1976). One claiming such taint is only required to demonstrate that the irregularity had the capacity to influence the result, not that it actually did so. *State v. Schwanda*, 146 Vt. 230, 232, 499 A.2d 779, 781-82 (1985). The irregularity may be anything creating a suspicion of extraneous influences. *Woodard*, 134 Vt. at 158, 353 A.2d at 323-24. When this Court is confronted with a record that discloses a possible infringement of a defendant's right to a jury free and untainted by any suspicion of extraneous influences, it must set aside a guilty verdict. The defendant maintains that the facts presented demonstrate a capacity to influence a jury's deliberative process. We disagree. There is no evidence in the record that the events described were observed by any member of the jury.* The defendant has not met the required threshold of demonstrating that they had the capacity to influence the jury. *State v. McMurtrey*, 136 Ariz. 93, 98, 664 P.2d 637, 642 (1983).

## II.

Defendant's second claim of error arises from the exclusion of the testimony of a witness who would have testified that the defendant told him approximately two weeks

---

* The defendant has filed an affidavit in this Court from a juror who states that she observed from the jury room the son of the defendant in handcuffs being led to a police car and driven away. She found "this event surprising and confusing." The affidavit is dated in excess of seven months after the denial of the new trial motion. It forms no part of the record on appeal and is not before us. *State v. Cabrera*, 127 Vt. 193, 195, 243 A.2d 784, 786 (1968).

after the offense that the radiator in the defendant's vehicle had sprung a leak and that defendant's son was driving the vehicle on the night of the incident. The State filed a motion in limine prior to trial seeking the exclusion of the testimony on the ground that it would be hearsay. The defendant argued, and argues here, that the evidence was not hearsay as it was offered to rebut an express or implied charge of recent fabrication. V.R.E. 801(d)(1)(B). On the facts it is unnecessary to decide this question. The defendant was charged with being in actual physical control of a motor vehicle while under the influence. His own testimony reveals that he not only was behind the wheel of the vehicle but that he removed the key from the ignition. The issue was not whether he was operating the vehicle, but whether he had control of it. The proffered testimony was not probative on this question and its exclusion was not prejudicial. The defendant argues that this was not a case of overwhelming guilt and that because his credibility was at stake, the exclusion was prejudicial. We disagree with both contentions. There was ample evidence from the defendant to support a determination of actual physical control. *State v. Trucott*, 145 Vt. 274, 281–82, 487 A.2d 149, 154 (1984); *State v. Godfrey*, 137 Vt. 159, 161, 400 A.2d 1026, 1027 (1979). Any evidentiary error was harmless.

*Affirmed.*