# State of Vermont v. Cedric V. Stevens

[580 A.2d 493]

No. 88-039

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed July 20, 1990

*Pamela Hall Johnson* and *Gary S. Kessler,* Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.,* Defender General, and *Henry Hinton* and *William A. Nelson,* Appellate Defenders, Montpelier, for Defendant-Appellant.

**Peck, J.** Defendant appeals his conviction, after a jury trial, of being in actual physical control of a motor vehicle on a highway while under the influence of intoxicating liquor (DUI), in violation of 23 V.S.A. § 1201(a)(2).* We affirm.

---

* 23 V.S.A. § 1201(a)(2) provides that a person "shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway while . . . under the influence of intoxicating liquor."

On February 25, 1987, at about 1:45 a.m., a Vermont State Police officer saw a vehicle off an exit ramp on Interstate 89. He approached the vehicle, which was straddling a snowbank on the side of the road, and observed defendant standing by the rear wheels of the car. Defendant was kicking snow out from under the wheels, and the car's engine was running. No one else was present. Defendant told the officer that the vehicle was a rental car, and when the officer asked him if anyone else was with him, defendant replied that he was "the only one."

The officer asked defendant to get into the police cruiser. As they walked toward the cruiser, the officer had to steady defendant, and noticed that defendant had a strong odor of intoxicants on his breath. The officer called a wrecker to remove the disabled car from the highway, and took defendant to the police station where he was processed for DUI. Defendant refused to perform any dexterity tests, and also refused to submit to a breath test.

On appeal, defendant contends that the State's evidence was inadequate to prove that he was in actual physical control of the vehicle. Defendant also challenges the jury instructions, and maintains that evidence that he refused to take a breath test or perform dexterity tests was erroneously admitted.

In reviewing a conviction, we must decide if the evidence is sufficient on each element of the crime charged to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). On appeal, "we will view the evidence in the light most favorable to the State, excluding the effect of modifying evidence." *State v. Robillard*, 146 Vt. 623, 626, 508 A.2d 709, 711 (1986). Circumstantial evidence may be sufficient to support a conviction. *State v. Anderson*, 152 Vt. 297, 299, 565 A.2d 1342, 1343 (1989). Such evidence

> is measured against the same standard as all other evidence: it will sustain a conviction if sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt. In addition, the State is not required to exclude every reasonable hypothesis of innocence in proving a case with circumstantial evidence.

*State v. Warner*, 151 Vt. 469, 472, 560 A.2d 385, 387 (1989) (citations omitted). We believe that the State's evidence in this case, though circumstantial, was enough for a jury to find defendant guilty beyond a reasonable doubt of the crime charged.

■■ The State was obliged to prove that defendant was intoxicated, and that while he was under the influence had actual physical control of a vehicle on a public highway. There is no serious dispute that defendant was intoxicated, or that the car was on a public highway. Prior cases considering the question of "actual physical control" under the statute have not required the State to show operation, or even the ability to operate a motor vehicle. In *State v. Godfrey*, 137 Vt. 159, 162, 400 A.2d 1026, 1027 (1979), we upheld a conviction where defendant was discovered sleeping or unconscious behind the wheel of his car, with the motor running. We noted that "[t]he element of actual physical control is present, whether or not the defendant is in a position to effectively exercise it." *Id.* at 161, 400 A.2d at 1026–27. In *State v. Trucott*, 145 Vt. 274, 281–82, 487 A.2d 149, 157 (1984), we affirmed the defendant's conviction where a police officer discovered him asleep behind the steering wheel of the car, with the engine and headlights off, in a roadside "pull-off" area. The factual distinction urged by defendant in this case is based upon his presence outside the car, not behind the wheel. We cannot agree. Unlike the defendants in *Godfrey* and *Trucott*, he was not asleep, but was standing next to the vehicle with the engine running. An ability to exercise control over the car was plainly present.

■ The police officer discovered defendant on the exit ramp of the interstate highway, kicking snow from under the wheels of a running automobile, with no other persons in the vicinity. The vehicle was not parked on the side of the road, but instead was lodged in a snowbank. Viewed in the light most favorable to the State, the circumstantial facts in evidence permit the jury to infer that defendant was guilty as charged. Under the circumstances, it was reasonable for the jury to conclude that defendant had driven the vehicle into the snowbank and remained in physical control of the car. We must uphold the judgment

unless there was "no credible evidence justifying a guilty verdict." *State v. Warner*, 151 Vt. at 471, 560 A.2d at 387. As in *Warner*, defendant in this case "does not argue that no credible evidence supports the verdict; rather, he claims that there were other possible conclusions to be drawn from the evidence." *Id.* We reach the same conclusion as we did in *Warner*, and hold that since the record supports the verdict, we will not disturb the jury's determination on appeal.

Our holding is limited to the facts of this case. We reach this result only because defendant was, upon any reasonable view of the evidence, the operator and responsible for the vehicle being in the snowbank. A person in defendant's position who had been solely a passenger and made no attempt to operate the car could not legitimately be considered guilty of DUI. If it were otherwise, the existence of a designated driver would not protect passengers should the driver leave the car temporarily to do an errand.

■ In *State v. Trucott*, 145 Vt. at 281, 487 A.2d at 153, we upheld a jury instruction equating actual physical control with "immediate potential to operate." Defendant in this case asserts that the trial court's refusal to include this phrase in the jury charge constitutes reversible error. A careful reading of the charge, however, shows that the court in fact stated that in order to convict defendant, the State "ha[d] to prove that he [the defendant] had the potential to operate." Under the circumstances, we find no error.

■ Defendant argues that the trial court erred in refusing to instruct the jury that he could not be in actual physical control of the car if the vehicle was inoperable. The only evidence submitted on this issue was the police officer's testimony. The officer stated that the vehicle was straddling a snowbank, but never asserted that it could not be driven. He testified that he called a wrecker to tow the car away, noting that pursuant to police procedure, he did not even attempt to move the vehicle. This testimony is not enough to support defendant's assertion that the car was inoperable. Therefore, the court was not

obliged to charge on this point, even if we assume defendant correctly states the law.

Next, defendant claims that the trial court's charge to the jury was flawed by statements that physical proximity to the vehicle was a consideration in determining the question of actual physical control. Defendant argues that the charge improperly highlighted the issue of proximity, particularly since he was the only person present when the officer arrived at the scene. Taken as a whole, however, the charge was proper. The court mentioned physical presence as a means of determining the factual question of control, but always noted that propinquity depended upon the facts, and that the factual determination was entirely up to the jury. Our rule is that when the jury charge as a whole "breathes the true spirit of the law, and if there is no fair ground to say that the jury has been misled, then it ought to stand." *State v. Roy*, 151 Vt. 17, 24, 557 A.2d 884, 889 (1989) (citations omitted). The charge here met this standard.

Defendant maintains that the trial court improperly admitted evidence that defendant declined the police officer's request to perform field dexterity tests or to submit to a breath test. It is well settled that in prosecutions for DUI, the State is permitted to present evidence of a defendant's refusal to submit to a breath test. *State v. Emilo*, 145 Vt. 405, 408, 491 A.2d 341, 343 (1985); 23 V.S.A. § 1202(b). Defendant argues that evidence of his refusal was irrelevant. Absent an express stipulation, however, the State had to prove intoxication. Moreover, the State was entitled to let the jury know that because defendant refused to perform breath or dexterity tests, the State's evidence was limited to the arresting officer's observations of defendant. The trial court's jury instructions clearly stated that defendant had a statutory right to refuse a breath test, and that defendant's refusal was insufficient to overcome the presumption of innocence. Any inferences to be drawn from the refusal were for the jury's consideration, and the jury could ignore the refusal issue if it chose.

We upheld the trial court's decision finding a refusal in this case in *Stevens v. District Court*, Docket No. 88-053, and therefore we need not discuss defendant's final argument.

*Affirmed.*

**Allen, C.J.,** dissenting. I do not believe that the evidence here, even when viewed in the light most favorable to the State, is sufficient to convince a reasonable trier of fact that defendant is guilty beyond a reasonable doubt of being in actual physical control of a motor vehicle while intoxicated.

At the outset, I must express my disagreement with the majority's characterization of defendant's argument. The majority miscasts defendant's claim when it asserts that defendant does not argue that no credible evidence supports the verdict. On the contrary, that is precisely defendant's first argument; the evidence "was insufficient to prove that appellant was in actual physical control of the vehicle."

Conviction cannot be had solely on the basis of close proximity to a vehicle with its motor running. As courts in other jurisdictions have recognized, to hold otherwise strains the essential element of actual physical control beyond all recognition. In *Overbee v. Commonwealth,* 227 Va. 238, 315 S.E.2d 242 (1984), a trooper saw a pickup truck parked in the emergency lane of an interstate. The defendant was standing at the front of the vehicle in which a passenger sat; the hood was up and the engine was not running. The trooper approached and detected the odor of alcohol. The defendant testified that he had removed the keys from the ignition to unlock the hood to check on the truck's water problem. The Supreme Court of Virginia distinguished several precedents that parallel cases like *State v. Trucott,* 145 Vt. 274, 487 A.2d 149 (1984), on the ground that the defendant was not in the driver's seat when found by the police. *Overbee,* 227 Va. at 243, 315 S.E.2d at 244. The court explained that while the defendant's possession of the keys may have provided him with the means of exercising control over the truck, the defendant could not have been in "actual physical control of the vehicle when he was standing in front of it on the highway." *Id.* at 243, 315 S.E.2d at 244; see also *Bearden v. State,* 430 P.2d 844, 847 (Okla. Crim. App. 1967) (defendant lying unconscious at the roadside and outside his vehicle could not be in actual physical control of his vehicle).

Here, defendant was as close to the vehicle as Overbee was to his truck. The danger posed by the accused's potential opera-

tion of the vehicle serves as the underlying rationale of *Godfrey*, *Trucott*, and the majority opinion in this case. However, that potential exists whether the engine is on or off, if the defendant has the keys or access to them. See *Trucott*, 145 Vt. at 277, 487 A.2d at 151 (engine off, defendant asleep in driver's seat). Therefore, the fact that the motor was running in this case cannot serve as a meaningful distinction. Defendant's affirmative response to the trooper's inquiry as to whether or not defendant was alone did nothing more than affirm the obvious but said nothing about actual physical control.

Simply put, the State has not met its burden of proof regarding actual physical control. The problems caused by drunk driving are serious, and the Legislature has responded with a statute designed to reduce or eliminate them. Still, there must be a more substantial link of the accused to the vehicle if we are to avoid conviction on suspicion alone. Cf. *State v. Partlow*, 143 Vt. 33, 39, 460 A.2d 454, 457 (1983) (though entirely circumstantial, evidence "was sufficiently cogent and persuasive to lift its effect above mere suspicion" to sustain a burglary conviction). The State presented no evidence associating the defendant in any way with the vehicle. From all that appears, the defendant could have been the passenger that the majority says could not be considered to be guilty. Therefore, on the evidence presented, more than a reasonable doubt exists that defendant was in actual physical control of the vehicle.

I would reverse.