## STATE of Vermont v. Michael A. GARBER

[587 A.2d 404]

No. 90-026

January 24, 1991. Defendant appeals his conviction at a bench trial of being in actual physical control of a vehicle on a highway while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). We affirm.

Defendant's primary challenges rest on the premise that "actual physical control of any vehicle" within the meaning of § 1201 requires that the vehicle be operable. Following from this, defendant argues that because the trial court did not find against his testimony that he had pulled the coil wire before entering his vehicle, this element of operability has not been found or proven. Defendant's argu-

ment can stand only if the statute requires that the vehicle was fully operable for an actual physical control conviction to be upheld. We hold that it does not.

Conviction under § 1201 does not require a demonstration by the State that defendant's vehicle was fully operable. The statute by its terms places no such burden on the State, and we can discern no underlying intent to impose this burden on the establishment of every prima facie case of a violation of the statute. We expressly found that 1925, No. 70, § 87, which preceded § 1201 and prohibited a person from "operat[ing] or attempt[ing] to operate a motor vehicle while under the influence of intoxicating liquors," did not require a showing that the vehicle was fully operable. See *State v. Storrs,* 105 Vt. 180, 183–84, 163 A. 560, 562 (1933) (Court rejected argument that to operate a vehicle within the meaning of the statute something must be done to put the engine in motion; conviction upheld where vehicle's motor could not be started because of wet wiring); *State v. Tacey,* 102 Vt. 439, 440–42, 150 A. 68, 69–70 (1930) (defendant operated vehicle where he steered or attempted to steer it while it was being towed). Further, we have upheld actual physical control convictions despite testimony that the vehicle was not fully operable. See *State v. Griffin,* 152 Vt. 41, 43, 563 A.2d 642, 644 (1989) (actual physical control conviction upheld where defendant testified that he was coasting down the road because vehicle's radiator was damaged and without water); *State v. Blaine,* 148 Vt. 272, 273–74, 531 A.2d 933, 934 (1987) (actual physical control conviction upheld where defendant testified that he could not engage vehicle's transmission).

Defendant's conduct was sufficient to warrant a conviction of actual physical control of a vehicle while under the influence of intoxicating liquor. Defendant testified that, while under the influence, he moved his vehicle in an attempt to place it in another parking space. The trial court found that "[t]he car did go into reverse for a short distance. It moved to some degree. It rolled backwards." This conduct falls within the purview of the statute, and was sufficiently found and proven.

Our holding that § 1201 does not require a showing that the vehicle was fully operable does not render the statute violative of due process in this case. Proscription of defendant's movement of his vehicle, while under the influence, is rationally related to the statute's purpose of protecting the public. Consequently, defendant cannot successfully maintain his overbreadth challenge, *Arbeitman v. District Court of Vermont*, 522 F.2d 1031, 1033–34 (2d Cir. 1975) (outside First Amendment context, "'a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may be applied unconstitutionally to others'") (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973)). Nor can he successfully maintain his void-for-vagueness challenge. *Village of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 494–95 & n.7 (1982) (where statute implicates no constitutionally protected conduct, person "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others").

Defendant's waiver of his right to a jury trial renders moot the issue of the composition of the jury venire.

*Affirmed.*