2009 VT 20

**In re DEER VIEW LLC SUBDIVISION PERMIT**

[973 A.2d 1181]

No. 08-200

¶ 1. February 11, 2009. Appellant John Madden seeks our review of the decision of the Environmental Court upholding the determination of the Planning Commission of the Town of New Haven to approve appellee Deer View, LLC's development project. For the reasons set forth below, we affirm.

¶ 2. We note at the outset that Deer View moved to dismiss Madden's appeal for failure to file a brief meeting the particulars specified by Vermont Rule of Appellate Procedure 28(a). Madden's brief is not a model of technical compliance with Appellate Rule 28(a); nevertheless, we can discern an argument from his brief. Therefore, we deny Deer View's motion and take the opportunity to reach the merits of the appeal with respect to the issue appellant "appears to have raised." *Beyel v. Degan*, 142 Vt. 617, 619, 458 A.2d 1137, 1138 (1983).

¶ 3. Madden contends that he was deprived of his constitutional right to cross-examine and present witnesses at trial because the court ruled against him on Deer View's motion for summary judgment pursuant to Vermont Rule of Civil Procedure 56. It is well-settled, however, that summary judgment, which does not entail presentation of witnesses or cross-examination, is constitutional. See 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2714, at 249 (3d ed. 1998). When there is no genuine issue of material fact, a trial court may enter judgment in favor of a party pursuant to a motion for summary judgment. V.R.C.P. 56. Our review of the record on appeal indicates that the court properly ruled against Madden on summary judgment.

¶ 4. Deer View moved for summary judgment and submitted an affidavit by a consultant stating that the development posed no risk to public safety along a nearby road — Madden's primary contention. In response, Madden filed a variety of police accident reports describing accidents along the road. The court notified Madden that, notwithstanding the submission of the accident reports, he had

not put forth specific factual evidence sufficient to overcome summary judgment. Recognizing the challenges faced by pro se litigants, such as Madden, the court then allowed him extra time to procure responsive affidavits or to otherwise set forth specific facts showing a genuine issue for trial. When the court did not receive a response from Madden within the extended timeframe, it entered summary judgment in favor of Deer View.

¶ 5. Between the time that the court notified Madden regarding the procedures that he needed to follow to avoid summary judgment, and the entry of summary judgment against him, Madden apparently had sent Deer View's consultant a list of questions, styled as a "deposition on written questions." Once the court learned of this, it treated the questions as interrogatories and ordered the consultant to answer them. The record reflects that Deer View's consultant answered Madden's interrogatories. Moreover, the court suggested that Madden review the answers, and, if he felt that the answers so warranted, move for relief pursuant to Civil Rule 60(b). Instead, Madden filed this appeal.

¶ 6. Deciding this matter on summary judgment did not deprive Madden of his rights, and because our review of the record indicates that there is no genuine issue for a trial, we affirm the decision of the court.

*Affirmed.*

Motion for reargument denied March 20, 2009. Motions to reconsider and to disqualify court denied May 14, 2009.