STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re UVM Construction and Landscape Permit | } | Docket No. 169-8-08 Vtec |
| (Appeal of Lang) | } | |
| | } | |

Decision and Order on Motion to Dismiss converted to Motion for Summary Judgment

Appellant Martha R. Lang appealed from a decision of the Development Review Board (DRB) of the City of Burlington, granting approval to Appellee-Applicant University of Vermont (UVM) to construct a small engine repair and maintenance building. Appellant now represents herself (she was represented for a time by Zachary K. Griefen, Esq., who had entered a limited appearance for the pending motion only and was granted leave to withdraw on January 7, 2009); Appellee-Applicant UVM is represented by John J. Collins, Esq.; and the City is represented by Kimberlee J. Sturtevant, Esq.

Appellee-Applicant UVM moved to dismiss the appeal, arguing that Appellant lacks standing. Although the present motion was filed as a motion to dismiss under V.R.C.P. 12,[1] which allows parties to move for judgment on the pleadings alone, both parties have submitted affidavits and other evidence for consideration. Under V.R.C.P. 12(c), if "matters outside the pleadings have been presented to and not excluded by the court," the motion to dismiss shall be treated as a motion for summary judgment under V.R.C.P. 56. The following facts are undisputed unless otherwise noted.

Applicant UVM owns a parcel of property known as the Centennial Sports District parcel, 21.67 acres in area, located generally easterly of East Avenue and

---

[1] Made applicable to this proceeding by V.R.E.C.P. 5(a)(2).

southerly of Colchester Avenue, in an Institutional zoning district of the City of Burlington. The property has access to East Avenue by University Road, and also has direct access to Colchester Avenue. Much of the property is undeveloped and wooded; the developed portions of the property have access by University Road, including the parking lots serving the athletic playing fields known as Centennial field. University Road exits onto East Avenue several hundred feet southerly of the intersection of East Avenue with Colchester Avenue. The access from the property onto Colchester Avenue is several hundred feet easterly of the intersection of East Avenue with Colchester Avenue.

Until the application at issue in the present appeal, the UVM property included a 0.47-acre parcel of land with an existing 1,200-square-foot small engine repair and maintenance building, constructed in 1952. The building was used for the maintenance and repair of UVM's small engine equipment, such as string trimmers, chain saws and other small power equipment, tractors, lawn mowers (both walk-behind and riding), plow pumps, and sander and salter motors, but not including any vehicle repair or maintenance. Fortier Aff. at ¶ 3.II.1. Waste oil from its operation is collected and properly disposed of through the Environmental Safety Office of UVM. Vehicle maintenance and automotive repairs are performed at UVM's Fort Ethan Allen automotive repair shop, as reflected in the 2006 UVM Campus Master Plan. The building proposed in the present application is proposed to house exactly the same small engine repair and maintenance functions as the former small engine repair and maintenance building. Fortier Aff. at ¶ 3.II.1.

The parties did not provide sufficient information to determine whether the existing small engine repair and maintenance use was a pre-existing nonconforming use in the district, or whether it was a use that had been approved in connection with any UVM plans or master plans; however this issue is not material to the question of Appellant's standing that is before the Court in the present motion. The former small

2

engine repair and maintenance building had access to the surrounding street network by University Road, and was served by municipal water and sewer.

In June of 2008, UVM sold the 0.47-acre parcel with the existing building to VELCO, an unrelated purchaser, which intended to demolish the building and to use the parcel in connection with an electrical substation. The existing building was demolished on July 29, 2008.

The application that is the subject of the present appeal is UVM's application to construct a replacement small engine repair and maintenance building on the remaining approximately 21-acre property, with an address at 40 University Road. The enclosed portion of the building is 1,200 square feet in area (40′ x 30′); the building is proposed to have an additional attached roofed area or open bay, approximately 10′ 8″ in depth along the 30′ dimension, for protected parking. None of the repair activities are proposed to be conducted outside in the roofed area. The plans include additional plantings to create a landscape barrier and greenspace, which will decrease the overall coverage of the 21-acre property by 0.04% (from 33.47% to 33.43%).

Appellant owns six houses on adjacent lots, two on the north side of Colchester Avenue and four on the east side of Fletcher Place, across from the UVM Medical Center/Fletcher Allen Hospital Center complex. The back yards of the Fletcher Place houses adjoin the westerly boundary of UVM's Trinity Campus. Appellant herself resides at the house at 138 Colchester Avenue; the other five houses are rental properties. The intersection of Fletcher Avenue and Colchester Avenue is several hundred feet westerly[2] of the intersection of East Avenue with Colchester Avenue. Measured directly, Appellant states the nearest point of her property as being approximately 675 feet from the nearest point of the 21-acre UVM property, while UVM states the nearest point of Appellant's property as being approximately 1350 feet from

[2]   None of the maps provided by Appellant contained a scale by which these distances could be more exactly stated.

3

the proposed small engine repair and maintenance building.

Applicant UVM does not propose any change in hours from the use of the former small engine repair and maintenance building, nor will there be a change in the number of staff or number of vehicles using the proposed building. The proposed building will use the same access to the street network as did the former building.

During construction of the proposed building, six or seven[3] mature evergreen trees will be removed from the site, at least four of which have been approved by the City Arborist to be removed in any event due to their advanced age and due to disease.

Appellant appealed the grant of approval for the proposed project by the DRB, claiming standing as an individual under 24 V.S.A. § 4465(b)(3).

Standing as an Individual Interested Person (24 V.S.A. § 4465(b)(3))

Under 10 V.S.A. § 8504(b)(1), a decision of the DRB can be appealed to this Court by an interested person who has participated in the DRB proceedings below. "Interested person" is defined in 24 V.S.A. § 4465(b) to include:

> (3) A person owning or occupying property in the immediate neighborhood of a property that is the subject of [the] decision or act [on appeal] . . . , who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

---

[3] The DRB's written decision of July 8, 2008, granting approval for the project, stated on page 5 that six to seven trees will be removed, although, on page 8, the decision also refers to the city arborist's recommendation that Applicant's request to remove four trees be granted. Paragraph 5 of the affidavit of Lani Ravin, submitted by UVM, refers to the City Arborist's approval of the removal of several trees due to age and disease. Because the present motion is being treated as a motion for summary judgment, the Court must "give the nonmoving party the benefit of all reasonable doubts and inferences." Peerless Ins. Co. v. Frederick, 2004 VT 126, ¶ 10, 177 Vt. 441 (citing Doe v. Forrest, 2004 VT 37, ¶ 9, 176 Vt. 476). The Court will therefore evaluate the present motion as though removal of as many as six to seven trees is proposed.

(4) Any ten persons who may be any combination of voters or real property owners within a municipality . . . who, by signed petition to the appropriate municipal panel of a municipality, the plan or bylaw of which is at issue in [the] appeal . . . , allege that any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality. . . .

Appellant argues that she qualifies as an interested person under 24 V.S.A. § 4465(b)(3) because she owns and occupies property in the immediate neighborhood of the proposed project and alleges that she will potentially be affected by the loss of trees at the project site and by increased traffic resulting from the project.[4]

In order for Appellant to establish that she is an interested party under 24 V.S.A. § 4465(b)(3), she must show the potential for a physical or environmental impact on her interest. See, e.g., In re Wood, No. 276-11-08 Vtec, slip op. at 3 (Vt. Envtl. Ct. Feb. 17, 2009) (Wright, J.); In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 6–7 (Vt. Envtl. Ct. Jan. 16, 2008) (Wright, J.).

Trees

As previously discussed, six or seven mature evergreen trees will be removed from the project site during the course of construction, at least four of which have been approved to be removed regardless of the proposed project, due to their age and disease. Appellant alleges that she can see trees on the project parcel from her property, and that her enjoyment of these trees will be impacted by their removal.

---

[4]  In her October 6, 2008 Request for Party Status, she also raised issues as to UVM's construction and activities at its Trinity District campus adjacent to her property, and claimed standing because the Trinity campus ventilation system renovations and the parking at the Trinity campus "can only devalue" her real estate. However, under §4465(b)(3) an individual's standing must be evaluated with reference to the particular "decision or act" at issue in the appeal. In the present case that decision is the approval of the replacement maintenance garage on University Road, not any activities on the Trinity campus. See also discussion regarding property values at pp. 7–8, below.

5

If any portion of the three trees that would not otherwise be removed except for the proposed project can be seen from Appellant's property, simply due to the distance between her property and the project site, it would be at most just the very tops of those trees, which would appear in the distance. Applicant UVM has presented photographs and an affidavit of an Associate Planner for UVM showing that the view from Appellant's property towards the project site is obscured by the State Health Department building and a substantial hill or berm of land in the foreground, plus several large evergreen trees and deciduous trees planted on the berm, as well as an evergreen and other street trees along East Avenue in the middle distance.

Appellant has not countered this evidence with any photographs or other evidence supporting her assertions in her affidavit that she "can see mature evergreen trees [] on the parcel UVM proposes to develop," much less that she could see or distinguish the tops of the three trees that would not otherwise be removed except for the proposed project.

As Appellant has not alleged that she can see the trees slated for removal, has not countered Applicant's evidence regarding visual barriers between Appellant's property and the project site, and has not disputed Applicant's evidence that some of the trees would be removed because of disease or age regardless of the proposed project, Appellant has not shown the required physical or environmental impact on her interest resulting from the removal of up to seven mature evergreen trees on the project site. See In re Deer View LLC Subdivision Permit, 2009 VT 20, ¶¶ 3–4 (mem.) (affirming Environmental Court's grant of summary judgment against unrepresented Appellant who failed to "put forth specific factual evidence sufficient to overcome summary judgment").

Traffic

Appellant argues that additional traffic may result from the proposed project

6

and has the potential to result in a physical or environmental impact on her interest. She relies on the decision of the DRB, which states at page 2, that "[m]inimal additional traffic is anticipated."

However, even the paragraph in which this finding appears goes on to note that the proposed building will house the same functions as the old one, and that no enlargement of staff or activities is proposed; the Ravin affidavit at ¶ 6 and the Fortier affidavit at ¶ 3.II.1 reiterate this fact. The DRB appears to have reasoned that there would be minimal but additional traffic due to the new users of the existing building sold to VELCO.

That building has been demolished; any traffic that may result from the new users of the 0.47-acre parcel would have to be assessed in connection with any permit proceeding regarding that property. With regard to the remaining property held by UVM, no additional use of the property that would generate any additional traffic is proposed. Appellant does not dispute that the proposed replacement building will have the same use, same number of staff, and same number of vehicle trips per day as the building which it is replacing. She has failed to provide any countering evidence to show how the proposed project has the potential to result in additional traffic, or how it would have the potential to affect her property. With regard to traffic, therefore, Appellant has failed to demonstrate the potential for a physical or environmental impact on her interest required for standing under 24 V.S.A. § 4465(b)(3). See Deer View, 2009 VT 20, ¶¶ 3–4.

Property Value

Appellant also notes that she "pays more in property taxes[] than any other Burlington resident in the immediate neighborhood," and argues that "any detrimental impacts in this neighborhood will [affect] her investments more than the single home owner." Regardless of whether or not Appellant had shown that any "detrimental

impacts in the neighborhood" could result from the proposed project, she has not shown any section of the zoning ordinance that establishes the effect on neighboring property values as a criterion under which this application is reviewed. Under 24 V.S.A. § 4465(b)(3), Appellant must demonstrate a potential physical or environmental impact on her interest "under the criteria reviewed," and she has not done so.

Appellant has failed to show a potential physical or environmental impact to her interest under the criteria reviewed, and therefore she does not qualify as an individual interested party under 24 V.S.A. § 4465(b)(3). Absent the required physical or environmental impact for individual standing under § 4465(b)(3), the policy concerns Appellant wishes to raise could only be raised by a group of at least ten voters or property owners within the municipality, who had filed a prior petition with the DRB and otherwise qualify for standing under 24 V.S.A. § 4465(b)(4). In re Wood, No. 276-11-08 Vtec, slip op. at 3 (Vt. Envtl. Ct. Feb. 17, 2009) (Wright, J.).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Applicant UVM's Motion to Dismiss, converted to a Motion for Summary Judgment is GRANTED, concluding this appeal.

Done at Berlin, Vermont, this 12th day of March, 2009.

_____
Merideth Wright
Environmental Judge

8