*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-193

DECEMBER TERM, 2011

| | | |
|---|---|---|
| Rodney Mayo | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Kevin Scott | } | DOCKET NO. S0952-05 CnC |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff sued defendant police officer alleging that defendant used excessive force in arresting plaintiff following a highway pursuit. The jury returned a verdict for defendant, and plaintiff moved for a new trial alleging that the verdict was compromised by jury bias and improper contact between defendant and two jurors. Plaintiff appeals the court's denial of the motion and the underlying verdict, and defendant cross-appeals the court's denial of certain costs. We affirm.

Although he was represented in the trial court, plaintiff appeals pro se. On appeal, plaintiff has identified three subjects of appeal: (1) the trial court's denial of plaintiff's motion for a mistrial on September 20, 2010; (2) the jury verdict of September 27, 2010; and (3) the trial court's ruling denying his motion for a new trial.

We consider the plaintiff's motion for a mistrial along with his motion for a new trial because the basis for his motion for a mistrial—his claim that the jury was compromised by the remarks of a juror—was also a basis for his motion for a new trial.

We cannot evaluate plaintiff's general appeal of the jury verdict because he has not ordered a transcript of the trial, V.R.A.P. 10(b), and has not identified any specific arguments or claims of error with respect to the jury verdict other than those specifically raised in his motion for a new trial. See V.R.A.P. 28 (Arguments in briefs "shall contain the issues presented, how the issues were preserved, the contentions of the appellant and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."); Bock v. Gold, 2008 VT 81, ¶ 3, 184 Vt. 575 (claims not briefed on appeal are waived).

We do address plaintiff's challenge to the court's denial of his motion for a new trial notwithstanding his failure to comply with the formal requirements of Rule of Appellate Procedure 28 on the basis of the issue plaintiff appears to have raised. In re Deer View LLC Subdivision Permit, 2009 VT 20, ¶ 2, 186 Vt. 536 (mem.). Plaintiff raised two issues in his

motion for a new trial. First, he argued that the court should have ordered a mistrial because the jury was compromised by the comments of a juror. Second, he argued for a mistrial on the ground that the defendant had had improper contact with two jurors while smoking outside the courthouse.

The court rejected both arguments. With respect to the juror's comments and the integrity of the jury, the court described the following facts, which are supported by the record. Between jury draw and the first day of trial, juror 12 reported to the court that she knew plaintiff. The court interviewed juror 12 with counsel present and juror 12 disclosed that she believed plaintiff was an "unsavory character" and had reported this to other jurors. Following this disclosure, the court excused juror 12 and individually questioned the remaining jurors. Most jurors reported that they did not hear juror 12's comments about plaintiff. Juror 4 acknowledged hearing Juror 12 describe plaintiff as an "unsavory character," but affirmed that the comment would not affect her ability to be fair in the case, as "the case hinges on what happened in this particular situation, regardless of anybody's opinion about somebody else's personality." Juror 7 admitted to hearing juror 12's statement that plaintiff "wasn't a very nice man," but she responded that she could put the statement aside and make an impartial decision in the case. The court concluded that the remaining jurors, including jurors 4 and 7, retained their ability to fairly assess the case and there was no potential prejudice.

With respect to plaintiff's second argument, all plaintiff had alleged was that jurors were seen smoking with the defendant. Because plaintiff did not detail what type of communication took place or how it might have negatively impacted the jury, the court concluded that plaintiff's vague allegations did not establish any prejudice.

A motion for a new trial is "entrusted to the discretion of the trial court, and will not be disturbed on appeal absent a showing that the court abused or withheld its discretion." State v. Grega, 168 Vt. 363, 370 (1998). In addition, where questions arise as to whether the jury "has been tainted," we afford the court's ruling "every presumption in its favor." Id. (quotation omitted).

We conclude that the trial court took appropriate action to address the first incident. The court dismissed juror 12 and then questioned the remaining jurors. While juror 7 admitted hearing juror 12's comments about plaintiff, she stated that she could nonetheless decide the case impartially. Given this confirmation, there is no indication that the jury was improperly influenced by juror 12's statements, and plaintiff has failed to demonstrate that the court abused its discretion in denying the motion for a new trial on this basis. See id. at 370-71 (concluding that trial court did not abuse its discretion in denying mistrial where all jurors indicated upon questioning that they could remain impartial); see also Farnum v. Brattleboro Retreat, Inc., 164 Vt. 488, 500 (1995) (affirming court's denial of mistrial based on one juror's comment where juror was excused and all others indicated they were not influenced by the comment).

Plaintiff's second allegation—that the jury was biased because defendant spoke to a juror while smoking—was waived by plaintiff. In his motion for a new trial, plaintiff alleged that he observed defendant smoking with juror 11 on two different occasions and that a court security officer observed juror 3 speaking to defendant. Insofar as plaintiff was aware of the conduct during the trial, yet failed to raise the issue until a post-trial motion, it was not adequately preserved for appeal. See McKinstry v. Collins, 74 Vt. 147, 161-62 (1902). "Had the matter been promptly raised, remedial action might have been taken to determine [the facts surrounding

the incident] and to minimize or eliminate any prejudice that might have resulted therefrom." State v. Griffin, 152 Vt. 41, 44 (1989). Even if properly preserved, plaintiff makes no specific allegation as to what was said during such interaction or how this might have influenced the jury. State v. Schwanda, 146 Vt. 230, 233 (1985) (explaining that proponent of a motion for mistrial must show that irregularity "had the capacity to influence jury deliberations"). Therefore, we conclude that the court did not abuse its discretion in concluding that plaintiff's "vague allegations" did not warrant a mistrial.[1]

Next, we turn to defendant's cross-appeal. Following the jury verdict in his favor, defendant submitted a bill of costs. The court denied certain requests, including the costs of deposing plaintiff's primary care physician and of videotaping the deposition of the physician and another witness, both of whom would not be available for trial. We review a court's decision on costs for abuse of discretion. Jordan v. Nissan N. Am., Inc., 2004 VT 27, ¶ 16, 176 Vt. 465.

Although not admitted at trial, defendant argues that his deposition of plaintiff's doctor was necessary in response to plaintiff's disclosure of an expert physician who could testify about plaintiff's diabetic condition. The court concluded that the deposition of plaintiff's doctor was not "reasonably necessary," V.R.C.P. 54(g), since evidence of plaintiff's failure to properly care for his diabetes was not relevant or admissible at trial. It was not an abuse of discretion for the court to conclude that the medical testimony was not relevant to the proceeding and therefore the deposition was not reasonably necessary. Peterson v. Chichester, 157 Vt. 548, 553 (1991) (concluding court did not abuse its discretion in denying costs even when plaintiff prevailed at trial). Similarly, the court's assessment that procuring videotapes of the depositions of two witnesses—as opposed to written transcripts—was advantageous to the defendant but not "necessary" was not an abuse of discretion.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

---

[1] Plaintiff also offered hearsay statements of a court security officer to support his claim that defendant spoke with a juror during a smoking break. We do not consider the hearsay statements but note that even if we did, the claimed statements of the security guard do not add any further substance to plaintiff's allegations.