In the Matter of the
**WELFARE OF R.A.D.**

No. C7–85–239.

Court of Appeals of Minnesota.

July 2, 1985.

Review Denied Sept. 19, 1985.

Jerry Strauss, Stern & Levine, P.A., St. Louis Park, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for respondent.

Heard, considered and decided by LANSING, P.J., and LESLIE and NIERENGARTEN, JJ.

## SUMMARY OPINION

LANSING, Judge.

### FACTS

On September 23, 1983, a police officer called to the scene of an accident observed appellant R.A.D. leaning against a Cadillac stopped near a parked Buick. The Buick was damaged, apparently from being hit by the Cadillac, and there was "spider web" damage to the Cadillac's windshield. The officer asked R.A.D. if he owned the Cadillac and testified that R.A.D. answered, "Yes, I do, and I was the driver."

The officer testified that R.A.D.'s eyes were bloodshot, there was an odor of alcohol on his breath, his speech was slurred, confused and rambling, and he was unsteady on his feet. The officer further testified that R.A.D. vomited on himself and the vomit had a strong odor of alcohol. At the police station R.A.D. was given dexterity tests, which he failed.

After R.A.D. was read *Miranda* rights and indicated he understood them, he admitted he was driving a motor vehicle, had injured his head and temple, and had had four beers (the last one within the hour). He also said that he had not had anything to drink after the accident. He denied feeling the effects of alcohol while driving and denied that he had been in an accident.

An evidentiary hearing was held before a referee who found R.A.D.'s citation for DWI under Minn.Stat. § 169.121, subd. 1(a) (1984), proved beyond a reasonable doubt. R.A.D. moved for a new trial before a juvenile court judge, arguing it was mandated by due process and by Minn.Stat. § 260.031, subd. 4 (1984). The motion was denied, and after a hearing on the written record, a juvenile court judge affirmed the referee's findings.

## DECISION

### I

Minn.Stat. § 260.031, subd. 4, provides for a "hearing by the judge of the juvenile court" upon request after receiving notice of the referee's findings. R.A.D. argues that § 260.031, subd. 4, and his right to due process mandate that the "hearing" be a trial de novo. This issue was raised and decided in *In re Welfare of D.K.*, 363 N.W.2d 877 (Minn.Ct.App.1985), *pet. for review denied*, (Minn. May 18, 1985), where we determined that a trial de novo is not required but may be granted at the discretion of the juvenile court judge.

### II

R.A.D. contends the evidence was insufficient to establish that he was driving, operating or in physical control of a motor vehicle while under the influence of alcohol in violation of Minn.Stat. § 169.121, subd. 1(a). R.A.D. showed signs of extreme intoxication: bloodshot eyes, odor of alcohol, slurred speech, unsteadiness, and nausea. At the scene of the accident he admitted to drinking four beers and to being the owner and driver of the Cadillac. R.A.D.'s head injury was consistent with the "spider web" damage to the Cadillac's windshield, and the accident had apparently

just occurred when the officer arrived and found no one else who would likely be the driver. R.A.D.'s statements to the officer that he did not feel the effects of alcohol while driving and had not been in an accident were not credible.

R.A.D. argues that he was not driving or in physical control of the Cadillac because he was found outside the car and there was no showing that the motor was running or that the keys were in the ignition. The fact that the keys were not in the ignition and the car was not running at the time the officer arrived is not dispositive, but is rather "simply a factor, with others, to consider." *See Dufrane v. Commissioner of Public Safety*, 353 N.W.2d 705, 707 (Minn.Ct.App.1984). Substantial evidence, including R.A.D.'s own admission that he was the driver, supports the trial court's finding that R.A.D. was driving the motor vehicle while under the influence of alcohol.

Affirmed.