IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2010-NMCA-056

Filing Date: May 11, 2010

Docket No.  28,900

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.

MARK O. REGER,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
Thomas A. Rutledge, District Judge

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

J. Robert Beauvais, P.A.
J. Robert Beauvais
Ruidoso, NM

for Appellant

## OPINION

**BUSTAMANTE, Judge.**

{1}    Defendant Mark Reger appeals his convictions for aggravated driving while under the influence of intoxicating liquor (DWI), and driving while license suspended or revoked. The factual setting of Defendant's case requires us to consider whether a police officer may properly arrest an intoxicated driver standing outside his vehicle when the officer has not observed him driving.  We conclude that the misdemeanor arrest rule is satisfied where the officer may reasonably infer from the direct and circumstantial evidence that the driver is intoxicated and has recently been in actual physical control of the vehicle.  We affirm the district court.

**BACKGROUND**

**{2}** Defendant's motion to suppress evidence resulting from his arrest adopted the facts as reported by the arresting officer, Sergeant Ricardo Huerta of the Artesia police department. At the hearing on the motion, both Defendant and the State stipulated to Sergeant Huerta's testimony. Thus, the following facts are not in dispute. On August 23, 2007, Sergeant Huerta responded to a report of a possible drunk driver who had parked his truck on private property at an auto dealership in Artesia, New Mexico. Arriving at the location, Sergeant Huerta encountered Defendant standing outside of his truck, which was parked with the hood open and the engine off. Defendant told the officer he had stopped because someone had told him one of his lights was out. The officer noticed that Defendant was slurring his speech, was unsteady on his feet, and had an odor of alcohol on his breath. The officer administered field sobriety tests and based on his observations placed Defendant under arrest for DWI.

**{3}** Defendant ultimately pleaded guilty[1] to aggravated DWI and driving while license suspended or revoked, reserving the right to appeal the district court's denial of his motion to suppress evidence resulting from his arrest.

**STANDARD OF REVIEW**

**{4}** "In reviewing a trial court's denial of a motion to suppress, we observe the distinction between factual determinations which are subject to a substantial evidence standard of review and application of law to the facts, which is subject to de novo review." *State v. Nieto*, 2000-NMSC-031, ¶ 19, 129 N.M. 688, 12 P.3d 442 (alteration omitted) (internal quotation marks and citation omitted). "We view the facts in the light most favorable to the [s]tate as the prevailing party, indulging all reasonable inferences in support of the district court's ruling and disregarding all evidence and inferences to the contrary." *State v. Pacheco*, 2008-NMCA-131, ¶ 3, 145 N.M. 40, 193 P.3d 587.

**DISCUSSION**

**{5}** Defendant argues that his arrest for DWI was improper because he was not in "actual physical control" of his truck when Sergeant Huerta encountered him, nor had Sergeant Huerta observed him driving. New Mexico statutes provide that "[i]t is unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle within this state." NMSA 1978, § 66-8-102(A) (2007) (amended 2008). "'[D]river' means every person who drives or is in actual physical control of a motor vehicle." NMSA 1978, § 66-1-4.4(K) (2007). A person is in actual physical control when "he or she exercises direct influence over the vehicle." *State v. Johnson*, 2001-NMSC-001, ¶ 19, 130 N.M. 6, 15 P.3d 1233 (filed

---

[1]The judgment and sentence states that Defendant pleaded guilty, but the district court's approval of plea proceeding, the clerk's minutes of the plea and sentence hearing, and the docketing statement state that he pleaded no contest.

2000). "[M]otion of the vehicle is not a necessary element of [DWI]." *Boone v. State*, 105 N.M. 223, 226, 731 P.2d 366, 369 (1986). "[T]he clear purpose of the 'actual physical control' element of the DWI statute is to deter persons from placing themselves in a situation in which they can directly commence operating a vehicle while they are intoxicated, regardless of the location of the vehicle." *Johnson*, 2001-NMSC-001, ¶ 19. "[T]he [s]tate may charge a person with DWI pursuant to Section 66-8-102, despite the fact that the defendant is found on private property in actual physical control of a non-moving vehicle." *Johnson*, 2001-NMSC-001, ¶ 24.

**{6}** "What constitutes actual physical control has been decided based on the facts of a particular case." *State v. Sims*, 2008-NMCA-017, ¶ 7, 143 N.M. 400, 176 P.3d 1132 (filed 2007), *cert. granted*, 2008-NMCERT-001, 143 N.M. 399, 176 P.3d 1131. In *Sims*, we affirmed the conviction of a driver found passed out or asleep behind the steering wheel of a vehicle with the engine off and the key on the passenger seat. Other New Mexico cases that have found actual physical control or driving include *Boone*, 105 N.M. at 226-27, 731 P.2d at 369-70 (defendant stopped in a traffic lane at night with the automobile's engine running but its lights off); *State v. Rivera*, 1997-NMCA-102, ¶¶ 2-3, 124 N.M. 211, 947 P.2d 168 (defendant asleep or unconscious at the wheel of his car in his front yard with the engine racing); *State v. Tafoya*, 1997-NMCA-083, ¶¶ 2, 5, 123 N.M. 665, 944 P.2d 894 (defendant found sleeping behind the wheel of an inoperable vehicle with the engine off but the key in the ignition in the on position); *State v. Harrison*, 115 N.M. 73, 74, 75-76, 846 P.2d 1082, 1083, 1084-85 (Ct. App. 1992) (defendant found unconscious or asleep in driver's seat with engine running but wheels blocked).

**{7}** Our language in *Sims* suggests that the factual setting of that case approaches the outer limits of circumstances that may be considered actual physical control. Addressing the dissent, this Court prefaced its comments by stating: "Although we have concerns with conduct of this nature rising to the level of DWI . . . ." *Sims*, 2008-NMCA-017, ¶ 11. Noting the New Mexico Supreme Court's holding in *Johnson*, that "the [actual physical control] test is satisfied by a person passed out in the driver's seat with the key in the ignition," we reasoned that distinguishing *Sims* on the basis that the key was a short distance from the ignition would not be "supported by any coherent rationale, other than a desire to draw a line somewhere." *Sims*, 2008-NMCA-017, ¶ 11.

**{8}** Without purporting to draw a bright line, we conclude for several reasons that in the circumstances of the present case Defendant was not in actual physical control of his vehicle at the time Sergeant Huerta encountered him. A person standing outside a vehicle with the hood up is not "in a situation in which they can directly commence operating a vehicle," nor is the person "exercis[ing] direct influence over the vehicle." *Johnson*, 2001-NMSC-001, ¶ 19. Most obviously, the person is physically separated from and out of reach of the ignition, steering wheel, gearshift, and pedals. In Defendant's case, operating the vehicle would require the additional step of closing the hood. We further observe that there are many circumstances in which an intoxicated person might be standing outside a vehicle where no supportable inference can be made that the person is likely to get in and drive away. However, where a person is in the driver's seat within reach of the keys, such an inference is more reasonable.

2

**{9}** New Mexico cases discuss the concept of actual physical control in terms of ability to "directly commence operating a vehicle," not having driven the vehicle in the recent past. *Id.* Thus, the question of whether a person is in actual physical control of a vehicle when the officer encounters him or her is analytically distinct from any inference that the person has recently been driving while intoxicated. If a person is found to be in actual physical control, he or she is viewed as currently driving for purposes of the DWI law. If a person is found not to be in actual physical control, he or she is not viewed as currently driving, but the possibility remains that the person recently drove. In *Sims*, the question of whether the defendant had recently driven was specifically not at issue. This Court observed, "[t]here is no evidence regarding how [d]efendant's vehicle came to be in the commercial parking lot. The only issue before us relates to [d]efendant's ability to drive away from that lot." *Sims*, 2008-NMCA-017, ¶ 9.

**{10}** The State cites several cases affirming convictions where the intoxicated driver was encountered outside his vehicle, and the investigating officer did not observe any driving. Three of these cases tend to blur the distinction between current actual physical control and circumstantial evidence that the person had been driving earlier. As discussed below, failure to make a distinction between these two concepts raises a question as to whether the misdemeanor arrest rule has been violated. In *Azbill v. State*, 685 S.W.2d 162, 163-64 (Ark. 1985), the investigating officer encountered the intoxicated defendant standing alone outside his truck, which was stuck in the highway median. The court held that actual physical control could be proved by circumstantial evidence and that the officer need not have seen the driver operating the vehicle in order to have reasonable cause to believe he was doing so. *Id.* at 164. The court distinguished the facts before it from those of *Dowell v. State*, 671 S.W.2d 740 (Ark. 1984), in which the defendant was found parked in a business driveway, asleep, with the engine off, and the keys on the seat. *Azbill*, 685 S.W.2d at 163. The *Dowell* court declined to find that the defendant was in actual physical control when found and ruled the evidence insufficient because the defendant might not have been the person who drove to the parking spot or he might have become intoxicated after parking. *Id.*; *Dowell*, 671 S.W.2d at 740-41.

**{11}** In *In re Welfare of R.A.D.*, 370 N.W.2d 469, 470-71 (Minn. Ct. App. 1985), the intoxicated juvenile was found standing outside his car, which had crashed into another car. Although he admitted to being the driver, he argued that he was not driving or in physical control of it when the officer arrived and there was no showing that the engine was running or that the keys were in the ignition. *Id.* at 471. The court held that substantial evidence, including the juvenile's admission, supported the conclusion that he was driving. *Id.*

**{12}** In *State v. Stevens*, 580 A.2d 493, 495 (Vt. 1990), the intoxicated driver was found stopped on an exit ramp, kicking snow out from under the tires of his car, which was running. Affirming his conviction, the court held, "[u]nder the circumstances, it was reasonable for the jury to conclude that defendant had driven the vehicle into the snowbank and remained in physical control of the car." *Id.*

**{13}** In New Mexico, the question of whether circumstantial evidence of driving is sufficient where the officer has not observed the intoxicated driver in actual physical control

of the vehicle implicates the misdemeanor arrest rule. The rule provides that "[g]enerally, in New Mexico, an officer may execute a warrantless misdemeanor arrest only if the offense was committed in the officer's presence." *City of Las Cruces v. Sanchez*, 2009-NMSC-026, ¶ 11, 146 N.M. 315, 210 P.3d 212. "[A] crime is committed in the presence of an officer when the facts and circumstances occurring within his observation, in connection with what, under the circumstances, may be considered as common knowledge, give him probable cause to believe or reasonable grounds to suspect that such is the case." *State v. Ochoa*, 2008-NMSC-023, ¶ 11, 143 N.M. 749, 182 P.3d 130 (internal quotation marks and citation omitted). As codified in the Motor Vehicle Code, the rule provides as follows:

> A. Members of the New Mexico state police, sheriffs and their salaried deputies and members of any municipal police force, may arrest without warrant any person:
>
> > (1) present at the scene of a motor vehicle accident;
> >
> > (2) on a highway when charged with theft of a motor vehicle; or
> >
> > (3) charged with crime in another jurisdiction, upon receipt of a message giving the name or a reasonably accurate description of the person wanted, the crime alleged and a statement he is likely to flee the jurisdiction of the state.
>
> B. To arrest without warrant, the arresting officer must have reasonable grounds, based on personal investigation which may include information from eyewitnesses, to believe the person arrested has committed a crime.

NMSA 1978, § 66-8-125 (1978).

**{14}** Our Supreme Court has at least implied that an officer may make an arrest based on the surrounding circumstances even though he has not seen the person driving. In *State v. Gomez*, 2003-NMSC-012, ¶ 2, 133 N.M. 763, 70 P.3d 753, the defendant was found asleep with his feet sticking out the open driver's door and the keys in his pocket. The defendant moved to dismiss on grounds that there was no indication that he had operated a vehicle. *Id.* ¶ 3. The Supreme Court held that the defendant's motion to dismiss could not be decided without a trial on the merits, as there existed a question, not only whether the defendant was in actual physical control when the officers found him, but also a factual question—for which the state might have had additional evidence not yet disclosed—whether the officers could make a reasonable inference that he drove to the parking lot while intoxicated. *Id.* ¶¶ 8-10. This result suggests that the analysis in this type of case may involve not only whether the intoxicated driver's position relative to the keys and driver's seat and other factors amount to actual physical control, but also whether the officer has reason to believe the person drove to the spot where he is found.

**{15}** The facts of *State v. Greyeyes*, 105 N.M. 549, 734 P.2d 789 (Ct. App. 1987), resemble those of the present case. The intoxicated defendant, who admitted he had been driving, was found standing outside a pickup truck that was suspended on a guardrail. *Id.* at 550, 734 P.2d at 790. The significant difference between *Greyeyes* and the present case is that *Greyeyes* involved a motor vehicle accident and the present case does not. This Court, however, did not rely on the scene-of-the-accident exception in the misdemeanor arrest rule at Section 66-8-125(A)(1), although it apparently would have been appropriate to do so, as a vehicle suspended on a guardrail is almost certainly "the scene of a motor vehicle accident." *See Greyeyes*, 105 N.M. at 550, 734 P.2d at 790. The defendant argued that the officer had not observed him committing a misdemeanor. *Greyeyes*, 105 N.M. at 551, 734 P.2d at 791. We first pointed out that "[t]he purpose of the 'in presence' requirement is to prevent warrantless arrests based on information from third parties." *Id.* at 552, 734 P.2d at 792. Where the necessary information comes from the defendant himself by admission, the danger that the arrest will be based on false information is virtually nonexistent. In *Greyeyes*, we then considered the surrounding circumstances:

> [The d]efendant was in possession of his vehicle, admitted that he was the owner, had been drinking, and had driven the vehicle into the railing. These facts, coupled with the additional facts that defendant smelled of alcohol and failed field sobriety tests administered by the officer, were sufficient to make defendant's arrest valid.

*Id.* We stated, "[a]lthough it is uncontested . . . that [the officer] did not personally see the defendant drink alcohol or actually operate his pickup truck, nevertheless, the 'in presence' requirement was satisfied here." *Id.* at 551-52, 734 P.2d at 791-92.

**{16}** We conclude that the *Greyeyes* analysis is appropriate in cases such as the present one where an intoxicated person is encountered outside a vehicle. In these circumstances, the officer's personal perceptions include observation of the circumstances surrounding the presence of the defendant and the vehicle, observation and smells evidencing the defendant's intoxication, and hearing what the defendant and others say. What the officer perceives supplies sufficient "facts and circumstances occurring within [the officer's] presence in connection with what, under the circumstances, may be considered common knowledge, [to] give [the officer] probable cause to believe or reasonable grounds to suspect that a crime has occurred." *Ochoa*, 2008-NMSC-023, ¶ 11 (internal quotation marks and citation omitted); *see, e.g., Bayse v. State*, 420 So. 2d 1050, 1053 (Miss. 1982) (holding that the presence requirement was met where the officer personally observed the bodies at the scene of a hit-and-run accident, gained information from various witnesses that the defendant's car was involved in the accident, and the defendant confessed that he was involved).

**{17}** We see no point in ignoring the obvious in cases where overly technical application of the misdemeanor arrest rule could supply a tiny crack for the case to fall into. We note, for example, that disallowing a warrantless arrest under the present circumstances could potentially place a burden on the officer to monitor the intoxicated person for the next several hours to ensure that he does not drive away while in that condition.

5

**{18}**     Applying the above principles, we first decline to extend the meaning of "actual physical control" to include the circumstances in which the officer encountered Defendant. Defendant was, however, in possession of his truck and acknowledged that he had parked it—i.e., driven it and brought it to a stop—to check if a light was out. He showed signs of being under the influence of alcohol and admitted drinking. We conclude that these circumstances satisfied the requirement that the offense be committed in the officer's presence.

## CONCLUSION

**{19}**     Although Defendant was not in actual physical control of his truck when Sergeant Huerta encountered him, the facts and circumstances occurring within the officer's observation at the time of Defendant's arrest satisfied the misdemeanor arrest rule and provided probable cause. The district court properly denied Defendant's motion to suppress evidence resulting from his arrest. We therefore affirm Defendant's convictions.

**{20}     IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**

**Topic Index for *State v. Reger*, Docket No. 28,900**

| | |
|---|---|
| **CL** | **CRIMINAL LAW** |
| CL-DG | Driving While Intoxicated |
| CL-MS | Misdemeanor |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-MD | Misdemeanor Arrest Rule |