This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**                                    **No. 35,015**

**EARL RAY GARCIA,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector J. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1} Defendant appeals his conviction for DWI (per se, first offense) entered by the metropolitan court following a bench trial and subsequently affirmed by the district court following an on-record review. [RP 4, 85, 88, 86] Our notice proposed to affirm and Defendant filed a memorandum in opposition, which we accept as timely. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2} In issue (1), Defendant continues to argue that Officer Golson lacked probable cause to arrest him. [RP 71, 78; DS 13; MIO 4-5] *See State v. Granillo-Macias*, 2008-NMCA-021, ¶¶ 7, 9, 143 N.M. 455, 176 P.3d 1187 (setting forth our standard of review and providing that probable cause to arrest exists "when the facts and circumstances within the officer's knowledge are sufficient to warrant the officer to believe that an offense has been or is being committed"). As specifically argued in his docketing statement, Defendant argued that Officer Golson lacked probable cause for the asserted reason that "[t]he officer . . . did not have a reasonable belief based on the field sobriety tests or other evidence that [Defendant] was impaired by alcohol." [DS 13] As provided in our notice, evidence was presented that Defendant had bloodshot and watery eyes [RP 88], slurred speech [RP 88], a moderate odor of alcohol coming from his facial area [RP 88-89], and admitted having one drink. [RP 89] Evidence was also presented that Defendant did not perform satisfactorily on the standardized field sobriety tests (SFSTs). [RP 89] We hold that this evidence provided probable cause

for Defendant's arrest for DWI. *See generally State v. Jones*, 1998-NMCA-076, ¶ 10, 125 N.M. 556, 964 P.2d 117 (concluding that the officer had probable cause to arrest for DWI when the officer noticed bloodshot, watery eyes, slurred speech, and a strong odor of alcohol, when the defendant admitted to having drunk two beers, swayed when he was talking to the officer, and failed the field sobriety tests).

{3}     Moreover, to the extent Defendant additionally asserts that Officer Golson lacked probable cause to believe that Defendant's intoxication impacted his driving [MIO 4], we disagree. Case law considers a driver's performance on SFSTs as generic evidence that is relevant to a driver's impairment, even if it is not a definitive measure. *See, e.g., State v. Lasworth*, 2002-NMCA-029, ¶ 14, 131 N.M. 739, 42 P.3d 844; *see also State v. Torres*, 1999-NMSC-010, ¶ 31, 127 N.M. 20, 976 P.2d 20 (recognizing that a defendant's performance on motor skills exercises is one of the self-explanatory tests that reveal common physical manifestations of intoxication); *Granillo-Macias*, 2008-NMCA-021, ¶ 12 (holding that the odor of alcohol, lack of balance at the vehicle, and failure to satisfactorily perform field sobriety tests supported an objectively reasonable belief that the defendant had been driving while intoxicated, and thus constituted probable cause to arrest). We thus affirm.

{4}     In issue (2), Defendant continues to argue that the evidence was insufficient to support his DWI per se conviction. [RP 73, 82; DS 13; MIO 2] *See* NMSA 1978, §

66-8-102(C)(1) (2010) (making it a criminal offense for "a person to drive a vehicle in this state if the person has an alcohol concentration of eight one hundredths or more in the person's blood or breath within three hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle"); *see also  State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth our standard of review).

{5}     As addressed in our notice, there are two ways a person may "drive" a vehicle as contemplated by the DWI statute:  DWI based on actually driving a moving vehicle while impaired, or DWI being in "actual physical control" of the vehicle while impaired, whether or not the vehicle is not moving. *See State v. Sims*, 2010-NMSC-027, ¶¶ 7, 10-12, 148 N.M. 330, 236 P.3d 642 (recognizing these two ways to drive a vehicle while under the influence of intoxicating liquor). Defendant's conviction is based on the latter. [RP 91-92, 94] *See, e.g., State v. Mailman*, 2010-NMSC-036, ¶ 28, 148 N.M. 702, 242 P.3d 269 (providing that "[a]ctual physical control is not necessary to prove DWI unless there are no witnesses to the vehicle's motion and insufficient circumstantial evidence to infer that the accused actually drove while intoxicated" (emphasis omitted)).

{6}     When proceeding under a theory of actual physical control, the State must prove "(1) the defendant was actually, not just potentially, exercising control over the

vehicle, and (2) the defendant had the general intent to drive so as to pose a real danger to himself, herself, or the public." *Simms*, 2010-NMSC-027, ¶ 4. Defendant continues to dispute both of these factors. [MIO 3, 4]

{7}     In concluding that the evidence was sufficient to satisfy both factors, we consider the following. Officer Golson observed Defendant sitting behind the wheel of a parked vehicle, with the ignition on and the vehicle running. [RP 91] The vehicle was parked in the parking lot of a bar close to closing time. [RP 91] Defendant was awake and he and his girlfriend had just been kicked out of the bar. [RP 96] The driver's window of the vehicle was rolled down [RP 89], and the weather was warm with no indication that the vehicle was being used as shelter. [RP 90] We hold that the fact-finder could have reasonably relied on the foregoing evidence to determine that Defendant was in actual physical control of the vehicle with intent to drive. *See State v. Sparks*, 1985-NMCA-004, ¶ 6, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction); *see also State v. Reger*, 2010-NMCA-056, ¶ 5, 148 N.M. 342, 236 P.3d 654 (recognizing that motion of a vehicle is not a necessary element of DWI).

{8}     We acknowledge Defendant's continued assertion that the facts do not give a complete picture of what was going on in the parking lot, such that Defendant

maintains he was only in the vehicle with the engine running so that he and his girlfriend could have some privacy while they argued. [MIO 3] We further acknowledge Defendant's continued assertion that his eyes were red not because he had been drinking, but because he had been crying. [MIO 4] These assertions, however, were matters for the fact-finder to consider, and it was within the fact-finder's prerogative to reject Defendant's version of the event. *See generally State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *State v. Garcia*, 2009-NMCA-107, ¶ 21, 147 N.M. 150, 217 P.3d 1048 (recognizing that the jury is free to reject the defendant's version of the events). We therefore affirm.

{9} To conclude, we hold that probable cause supported Defendant's arrest and that the evidence was sufficient to support his DWI per se conviction. We affirm.

{10} **IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**STEPHEN G. FRENCH, Judge**